## PARKER v. UNITED STATES.

### No. 8789.

United States Court of Appeals
District of Columbia.

Argued July 16, 1946.
Decided Oct. 21, 1946.
Writ of Certiorari Denied March 3, 1947.
See 67 S.Ct. 861.

Mr. Allen J. Krouse, of Washington, D. C., (appointed by this Court) for appellant.

Mr. Sidney S. Sachs, Assistant United States Attorney, of Washington, D. C., with whom Messrs. Edward M. Curran, United States Attorney, and Charles B. Murray, Assistant United States Attorney, both of Washington, D. C., were on the brief for appellee.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

This is an appeal from a conviction of second degree murder.[1] Appellant was sentenced to serve from six to twenty-one years. We are asked to reverse on the ground that there is no evidence in the record to justify the verdict and judgment.

The trial was had in May, 1944, at which time, as everyone knows, there was no provision for a stenographic record of the evidence. In consequence, we have here a patch-work record made from notes in the files of the case in the office of the United States Attorney, from the memory of the trial judge, the Assistant United States Attorney, who prosecuted the case (who has since resigned), and the memory of counsel representing the accused (who retired from the case after the trial).

At the instance of appellant we appointed new counsel to represent him in this appeal, and we are glad to note that counsel so appointed has been diligent and persevering in his effort to obtain a record and in his presentation of the case in this court. He is entitled to our grateful acknowledgment.

While a careful review of the record suggests possibilities that appellant might have been convicted only of the lesser offense of manslaughter, it wholly fails to show anything that would justify our setting aside the conviction and awarding a new trial. It should be noted that no request was made to the court for an instructed verdict of not guilty, nor was any request made that the jury should only consider the case in the aspect of manslaughter. It is, moreover, clear to us from what now appears in the record that a request in either regard might properly have been denied.

The record shows that appellant provoked the trouble. Taking the evidence in the view most favorable to the Government, the record shows that on seeing the deceased on the street, appellant left the automobile in which he was riding and accosted deceased with a demand for money he claimed to be due him; that when he approached deceased, appellant had a revolver in his hand which he attempted to fire, but without success; that deceased knocked the gun out of his hand and hit him with some instrument, as a result of which appellant fled, pursued by deceased; that after retreating a distance of perhaps a half block, appellant halted, drew a knife from his pocket and said to deceased—"I am going to cut you till you bleed to death." And appellant did precisely that.

The court instructed the jury that even though appellant had provoked the conflict, he had a right to withdraw, and that if the jury believed he had done so in good faith and was thereafter pursued by deceased, he was justified in killing deceased if necessary to save his own life. This instruction, we think, went as far as appellant could ask,[2] and, together with instructions as to reasonable doubt and presumption of innocence, fairly left to the jury the question whether the evidence as a whole was sufficient to show that the fatal wound was or was not inflicted in self defense.

As the result of our examination of the record we are unable to say that there is such a lack of substantial evidence of guilt as charged to justify our sending the case back for a new trial. Accordingly, we affirm the judgment.

Affirmed.

[1] 22 D.C.Code (1940), § 2403: "Whoever with malice aforethought * * * kills another, is guilty of murder in the second degree."

[2] Rowe v. United States, 164 U.S. 546, 17 S.Ct. 172, 41 L.Ed. 547.