## BROWN v. UNITED STATES.
### No. 9906.

United States Court of Appeals
District of Columbia Circuit.

Submitted Dec. 6, 1948.

Decided Dec. 20, 1948.

Mr. Kenneth D. Wood, of Washington, D. C., submitted on the brief for appellant.

Mr. Harold H. Bacon, Asst. U. S. Atty., with whom Mr. George Morris Fay, U. S. Atty., Mr. John D. Lane, Asst. U. S. Atty., and Mr. Cecil R. Heflin, Asst. U. S. Atty., all of Washington, D. C., were on the brief, submitted for appellee.

Messrs. Sidney S. Sachs, Michael H. Sheridan and Stafford R. Grady, Asst. U. S. Attys., all of Washington, D. C., also entered appearances for appellee.

Before EDGERTON, CLARK and PRETTYMAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted, tried and convicted for mayhem. His point upon appeal is that the indictment and proof were both insufficient, since a specific intent to maim and disfigure the complainant was neither alleged nor proved.

We agree with the District Court that so long as the act of mayhem is done maliciously and wilfully, a specific intent is not necessary to constitute the crime. The common law definition applies, and it does not include a specific intent.[1] The conclusion of reason is to the same effect. If an assault be so malicious and wilful as to result in the loss of an eye or a leg or an arm, it is immaterial to the gravity of the offense that the assailant had no specific intention of depriving his victim of the eye, or of the arm, or of the leg. The judgment of the District Court is, therefore,

Affirmed.

---

[1] 4 Bl.Comm. *205; Co. Litt. *288; 1 Britton, Nichols' Trans. *49; Terrell v. State, 1888, 86 Tenn. 523, 8 S.W. 212. Some references in the authorities give the impression that the Coventry Act (22 & 23 Car. II, c. 1 (A.D.1670)) redefined mayhem. It did not; it made certain disfigurement by lying in wait, with malice aforethought, and with intent to maim or disfigure, an offense. Rex v. Tickner, 1778, 1 Leach 187, 1 Cr.Cas. 196.