**UNITED STATES of America**

v.

**David W. McCRAE, Appellant.**

**No. 24624.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 18, 1972.

Mr. Llewellyn C. Thomas, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and John A. Terry, Donald T. Bucklin and David G. Larimer, Asst. U. S. Attys., were on the brief for appellee.

Before FAHY, Senior Circuit Judge, and McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

Following trial by a jury, appellant was convicted on counts of assault with intent to kill while armed [1] and carrying a pistol without a license.[2] The charges emanated from a verbal altercation in the course of which appellant shot another, and the controversy on appeal, as at trial, stems from appellant's claim that he did so in self-defense. The single question before us is whether the trial judge erred in denying appellant's motion for a judgment of acquittal [3] and in thus leaving consideration of the issue of self-defense for the jury.[4] A review of the record satisfies us that the judge's ruling was eminently correct, and we accordingly affirm the conviction.

Earlier on the day of the shooting, someone broke into appellant's automobile and stole a tape deck therefrom. Appellant then armed himself with a pistol and in the company of a companion proceeded to a service station for a tire repair and a call to the police. There his companion spotted a tape deck inside the station [5] and appellant, informed of the discovery, went in for it. An argument ensued between appellant and James P. Cole, an employee of the station, culminating in the shooting of Cole.[6]

At his trial, appellant told the jury that he fired at Cole when, during an

1. D.C.Code §§ 22–501, 22–3202 (1967).

2. D.C.Code § 22–3204 (1967).

3. The motion was made initially at the close of the Government's case in chief, and was renewed after the evidentiary presentations on both sides had been completed.

4. The judge, properly in our opinion, withdrew a count charging assault with intent to kill, D.C.Code § 22–501 (1967), and treated another count charging assault with a dangerous weapon, D.C.Code § 22–502 (1967), as a lesser included offense.

5. According to the Government's evidence, an unidentified party sold the tape deck to an employee of the service station and he in turn sold it to the victim of the shooting.

6. The details of the argument are obscure. At trial, appellant said he accused Cole of stealing the tape deck when Cole demanded $15 for it. Appellant added that Cole had uttered "a few curse words" but recalled nothing else Cole might have said. Cole's sparse testimony was unhelpful, apparently because of the poor condition in which the shooting left him; the trial judge described Cole as "a vegetable, having been shot between the eyes. . . . He will be a ward of the community for the rest of his life." No other witness could state just what words passed between Cole and appellant.

exchange of words, the latter put his hands into his pockets and "was pointing something at me through his pocket." Appellant's companion stated similarly that Cole had a hand in his pocket "like he was going to shoot." Additionally, three defense witnesses attested to appellant's reputation as a truthful and peaceful citizen. By no means, then, was the claim of self-defense frivolous.

On the other side of the ledger, however, the evidence was devastating. Four witnesses testified that appellant drew the pistol and shot Cole in the head at very close range. According to two of them, appellant trained the gun on Cole for several seconds before he pulled the trigger, thus indicating an absence of the haste which frequently punctuates action in self-defense. Two witnesses avowed that Cole had his arms folded across his chest when shot, and that at no time did Cole have his hands in his pockets. One of these witnesses stated that five minutes before the shooting appellant declared that "he was going to kill" whomever he found with his tape deck. Still another related that after the shooting appellant walked "pretty calmly" from the service station.

The principles that must guide our decision are well settled. As quite recently we summarized them,

> A motion for a judgment of acquittal enjoins the trial judge to "determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." For this purpose, the judge must "assume the truth of the Government's evidence and give the Government the benefit of all legitimate inferences to be drawn therefrom." If the evidence so measured at the point in the prosecution to which the motion is properly addressed, portends to establish guilt beyond a reasonable doubt, it is for the jury to make the decision as to whether it actually does.[7]

In the case at bar, the Government's evidence, if believed, sufficed to establish all essential elements of each of the two offenses of which appellant was convicted.[8] The trial judge, in denying appellant's motion soliciting an acquittal, observed that he could not grant it without "usurping the function of the jury," and that view we share fully. It is peculiarly the mission of the jury to resolve conflicts in the evidence,[9] including those developing with reference to a defense interposed by the accused.[10] The evidence here was such that twelve reasonable minds might rationally concur on guilt beyond a reasonable doubt. The judge committed the issue of self-defense to the jurors under instructions which have not been challenged, and

7. Powell v. United States, 135 U.S.App. D.C. 254, 257, 418 F.2d 470, 473 (1969) (footnotes omitted), quoting Curley v. United States, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, cert. denied, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). See also Bailey v. United States, 135 U.S. App.D.C. 95, 97–98, 416 F.2d 1110, 1112–1113 (1969) ; Crawford v. United States, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967) ; Cooper v. United States, 94 U.S.App.D.C. 343, 345, 218 F.2d 39, 41 (1954).

8. It was stipulated that appellant did not have a license to carry the pistol.

9. Johnson v. United States, 138 U.S.App. D.C. 174, 177–178, 426 F.2d 651, 654–655 (*en banc* 1970), cert. dismissed as improvidently granted, 401 U.S. 846, 91 S.Ct. 1258, 28 L.Ed.2d 523 (1971) ; May v. United States, 84 U.S.App.D.C. 233, 245–246, 175 F.2d 994, 1006–1007, cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949).

10. Hunt v. United States, 103 U.S.App.D.C. 309, 310, 258 F.2d 161, 162 (1958), cert. denied, 358 U.S. 936, 79 S.Ct. 326, 3 L.Ed. 2d 308 (1959). See also Rowe v. United States, 125 U.S.App.D.C. 218, 219, 370 F.2d 240, 241 (1966) ; Matthews v. United States, 115 U.S.App.D.C. 339, 341, 319 F.2d 740, 742, cert. denied, 375 U.S. 943, 84 S.Ct. 351, 11 L.Ed.2d 274 (1963) ; Parker v. United States, 81 U.S.App.D.C. 282, 283, 158 F.2d 185, 186 (1946), cert. denied, 330 U.S. 829, 67 S.Ct. 861, 91 L.Ed. 1278 (1947).

they resolved the issue against appellant. We have no warrant to now overturn either the judge's submission or the jury's verdict.

Affirmed.