**Ronald N. WOOTEN,
Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 8656.**

District of Columbia Court of Appeals.

Submitted July 8, 1975.

Decided Aug. 26, 1975.

John J. Dwyer, Washington, D. C., appointed by this court, for appellant.

Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Donald L. Abrams, Asst. U. S. Attys., for appellee.

Before KELLY and FICKLING, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

This is an appeal from a conviction after a jury trial for armed kidnapping,[1]

---

1. D.C.Code 1973, §§ 22–2101, –3202.

armed assault with intent to kill,[2] and carrying a dangerous weapon.[3] The principal issue raised on appeal is whether there was sufficient evidence to convict appellant. We affirm.

On September 17, 1973, the complainant (Jacqueline Tolliver), along with her date for the evening (John Smith), a girl friend (Rosetta Samuels), and her cousin (James Thompson), went to a nightclub known as the French Underground. While in the club, appellant, who apparently knew the complainant, began to talk with them. During the conversation, appellant told Samuels that he would kidnap Tolliver if she would not go home with him, a threat he had made on prior occasions but which had not been taken seriously.

As the evening wore on, Tolliver and Samuels, realizing that appellant had a peculiar manner, decided to leave before the others to avoid any possible confrontation between appellant and Tolliver's date. The maneuver, however, was detected by appellant and he followed the women to their car where they were trying to hide. He then forced the women out of the car at gunpoint and forced Tolliver into his car.

Meanwhile, Tolliver's date, John Smith, had come out of the club and, when he observed what was happening, stopped appellant's car as he was pulling out of a parking space and asked Tolliver whether she was going home with him or appellant. The appellant told Smith that Tolliver was going with him, whereupon appellant exposed his gun. Smith and appellant then engaged in a struggle, each trying to secure the weapon which discharged a round into appellant's leg. As Smith ran from the scene, appellant then took aim and shot him in the back.

Appellant argues that there was insufficient evidence on which the jury could support a verdict. We disagree.

■ The law in this jurisdiction is settled that an appellate court will not upset a conviction if the evidence adduced at trial reasonably permits a finding of guilt. *Malloy v. United States*, D.C.App., 246 A. 2d 781, 782 (1968). Moreover, where there are conflicts in the evidence, it is the jury's duty, and not the duty of this court, to resolve those conflicts in arriving at a verdict. *United States v. McCrae*, 148 U. S.App.D.C. 116, 118, 459 F.2d 1140, 1142 (1972). In addition, this court's scope of review, when the issues of fact were tried by a jury, is limited to a review of the law only. D.C.Code 1973, § 17–305(a).

■ The appellant claims that the perpetration of the crime here flies in the face of common sense, and that the evidence at trial was contradictory. Whether appellant is correct in this characterization, however, is not a matter properly addressed to this court since, as the above cited authorities indicate, it is the jury's duty to interpret the evidence. We hold, therefore, that the evidence here reasonably permits a finding of guilt and the jury's verdict is affirmed. *Cf. Patterson v. United States and District of Columbia*, D.C.App., 301 A.2d 67, 70 (1973).

We have examined the other issues raised by appellant and have determined that they are without merit.

*Affirmed.*

2. D.C.Code 1973, §§ 22–501, –3202.

3. D.C.Code 1973, § 22–3204.