**Thomas C. ROBINSON, a/k/a Tommie C. Robinson, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11036.**

District of Columbia Court of Appeals.

Argued Feb. 8, 1977.

Decided June 2, 1978.

· Hugh O'Neill, Washington, D. C., appointed by the court, for appellant.

Jeffrey Blumenfeld, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Wil-

liam D. Pease, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, KERN and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

In the early afternoon of August 2, 1975, as the complaining witness in this case was walking down Valley Avenue, S.E., she was passed by appellant going in the opposite direction. A moment later the complainant heard someone behind her just before appellant seized her around the neck. She managed to scream once before she was dragged, choking, across the street into a park and through some woods to a sandy area.[1] Appellant was in the process of pulling down her underpants when he was startled by the approach of two men and fled.

One of the approaching men, Clarence Henson, had been sent to help the complainant by Helen Wagner, his girlfriend, who observed the incident from her apartment and heard complainant's scream. As Henson rushed across the street into the park, he was joined by a neighbor, William Drummond. Ms. Wagner also alerted her neighbor, Ms. Shirley Wright, who saw appellant drag complainant across the park.

The next day Wagner and Wright saw appellant on the street and recognized him as the assailant. They managed to delay him with the help of some friends while one of them called the police, who arrived and arrested appellant. At a subsequent trial for kidnaping, assault with intent to rape, and violation of the Bail Reform Act (D.C. Code 1973, §§ 22–2101, –501, and 23–1327(a), respectively), the jury convicted appellant on all counts.[2]

Of the issues raised on appeal, the more serious are (1) whether the charge of kidnaping merged with that of assault with intent to rape, and (2) whether the jury should have been instructed on assault as a lesser included offense of assault with intent to rape.

I

D.C.Code 1973, § 22–2101, provides in part:

> Whoever shall be guilty of, or of aiding or abetting in, seizing, confining, inveigling, enticing, decoying, kidnaping, abducting, concealing, or carrying away any individual by any means whatsoever, and holding or detaining, or with the intent to hold or detain, such individual for ransom or reward or otherwise . . . shall, upon conviction thereof, be punished by imprisonment for life or for such term as the court in its discretion may determine.

. . .

Thus, the crucial elements of the crime of kidnaping are: (1) a seizing, confining, etc., and (2) a holding or detention for (3) ransom or reward or otherwise. Technically, there is no requirement that the victim be moved any particular distance or held for any particular length of time to constitute a kidnaping.

Although the conduct complained of in this case falls within the literal terms of D.C.Code 1973, § 22–2101, it is also obvious that some type of seizure, detention or confinement is an integral part of every rape. Consequently, we think it unlikely that Congress intended that every person who commits a rape be also charged and convicted of kidnaping, with its generally more severe penal consequences. The facts of each case must be examined to determine whether in fact two separate crimes were committed, or whether they merged.

In making this determination, we inquire whether the asportation (or seizure) in a given case was of the type incidental to every rape or whether the confinement and restraint were significant enough of themselves to warrant an independent prosecution for kidnaping. *People v. Levy*, 15 N.Y.2d 159, 256 N.Y.S.2d 793, 204 N.E.2d

---

1. The investigating officer testified at trial that he had measured the distance from the spot where appellant attacked the complainant to the sandy area as approximately 63–64 paces.

2. Appellant does not contest his conviction under D.C.Code 1973, § 23–1327(a).

842 (1965); *People v. Lombardi*, 20 N.Y.2d 266, 282 N.Y.S.2d 519, 229 N.E.2d 206 (1967).[3] A like question is whether the "kidnaping" substantially increased the risk of harm over and above that necessarily present in the underlying crime. *People v. Daniels*, 80 Cal.Rptr. 897, 459 P.2d 225 (1969).

While we do not necessarily accept the application of the "merger" analogy to the facts of the *Levy* and *Lombardi* cases, for there were in those cases significant confinement and restraint, we think the underlying logic should apply to a case such as ours where the seizure and asportation were merely incidental to the ultimate crime of assault. In a similar case, *Sinclair v. United States*, 388 A.2d 1201 (No. 9761, decided this day) another division of this court, in the course of distinguishing *People v. Levy*, commented that

> Had the majority opinion contented itself with the observation that legislative bodies in enacting statutes which define the offense of kidnapping—like the applicable provision of our Code—as covering such conducts as "confining," "detaining," or "holding," did not intend that every conviction for rape or robbery should also carry with it a separate conviction for kidnapping, we could accept this thesis. Obviously, the victims of such felonies are detained against their will while the criminal is accomplishing his objective. Thus, the detention or confinement, if approximately coextensive in time and place with the crime itself, is an integral element of the crime, and like an "attempt" or a "necessarily included less-

er offense" may be viewed as merging with the principal offense in contradistinction to constituting a separate crime. [At 1204.]

Here the detention was momentary and coextensive in time and place with the assault. It was an integral element of the assault and, in the circumstances, does not constitute a separate crime.

In *United States v. Wolford*, 144 U.S. App.D.C. 1, 444 F.2d 876 (1971), a leading case in this jurisdiction, the circuit court applied these tests in affirming a kidnaping conviction. There, in order to facilitate a truck hijacking, the hijackers drove the truck driver around Rock Creek Park in a car at gunpoint for 45 minutes to an hour and then released him. The court said that this

> forcible detention . . . both in time and place went far beyond the momentary detention necessarily associated with every robbery, and . . . removal to Rock Creek Park [from the intersection of Montana Avenue and Bladensburg Road, N.E., a distance of approximately four miles] at gunpoint substantially increased the risk of harm over and above that necessarily incident to the offense of armed robbery. . . . [*Id.* at 8, 444 F.2d at 883.]

On those facts it was held that two separate offenses had been committed.[4]

In our case, however, appellant, without a weapon, seized and dragged his victim approximately 63 paces over the course of a few moments before throwing her to the ground and attempting to rape her.[5] This

---

**3.** In the *Levy* and *Lombardi* cases, and especially in the *Levy* case, the restraint and asportation were parts of the crimes ultimately committed. The robbery and the rapes could not be committed in the forms planned without the limited asportations there involved. Indeed, in any robbery, there is a restraint or "false imprisonment" and in every rape there is a similar restraint and often removal in some limited sense. It is this kind of factual merger with the ultimate crime of the preliminary, preparatory, or concurrent action that the rule is designed to recognize, and thus prevent unnatural elevation of the "true" crime to be charged. It is a

merger suggestive of, but not quite like, the merger of the preparation and attempt with the consummated crime, a familiar concept in the criminal law. [*People v. Miles*, 23 N.Y.2d 527, 533, 297 N.Y.S.2d 913, 916, 245 N.E.2d 688, 694 (1969).]

**4.** The court distinguished the *Levy* and *Lombardi* cases, cited above, but did not specifically disapprove them. *United States v. Wolford, supra* at 6–7, 444 F.2d at 881–82.

**5.** "The act of holding a kidnaped person for a proscribed purpose necessarily implies an unlawful physical or mental restraint *for an ap-*

seizure and asportation was clearly incidental to the crime of assault with intent to rape. Additionally, the likelihood of bodily harm was not substantially increased beyond that inherent in every assault with intent to rape. In short, appellant's conduct was not of the sort the legislature intended the statute to encompass and to punish as two separate crimes. Indeed, under the facts in this case the two charged offenses are virtually indistinguishable.[6] We conclude therefore that the trial judge erred in submitting the kidnaping issue to the jury.[7]

## II

There remains the issue of whether the trial judge should have instructed the jury on assault as a lesser included offense of assault with intent to rape.

■ In *Pendergrast v. United States*, D.C.App., 332 A.2d 919, 924 (1975), this court reiterated the test for determining when a lesser included offense instruction should be given: *viz.*, (1) does the lesser included offense consist entirely of some but not all elements of the greater offense, and (2) does the evidence justify giving that charge. Put another way, a lesser included offense instruction is proper when the charged greater offense requires the jury to find a disputed factual element not required for conviction of the lesser included offense. *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 13 L.Ed. 882 (1965). That factual element here is the intent to rape, so the question is whether there was sufficient evidence that appellant did not intend to rape the complainant to put that issue in dispute.

■ The test for sufficiency is whether "some evidence" has been presented on the subject. *Stevenson v. United States*, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980 (1896). This can be met in one of two ways: (1) where there is conflicting testimony on the factual issue, and (2) where the lesser included offense is fairly inferable from the evidence, including a reconstruction of the events gained by accepting testimony of some or all of the witnesses even in part. *Pendergrast v. United States, supra* at 925 n.2; *United States v. Sinclair*, 144 U.S.App. D.C. 13, 14–15, 444 F.2d 888, 889–90 (1971).

■ Although the "some evidence" requirement has been broadly interpreted, *Belton v. United States*, 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967), where no evidence on the issue is presented, it has not been met. *Id.; Pendergrast v. United States, supra.* In cases where the sole defense is alibi, the jury, if it believes him, must acquit a defendant of the charge. For it to find him guilty of the lesser offense, it would have to have based its conclusions on "occurrences not related in the testimony of any witness and obtained by a reconstruction of events." *Belton v. United States, supra*, 127 U.S.App.D.C. at 207, 382 F.2d at 156. As the *Belton* court said, there may be cases where such events are fairly inferable from testimony though not directly stated therein, but this is not such a case.

Appellant's defense was that he was not the man who committed the offense; consequently, no evidence was offered by the defense on the element of intent to rape. Complainant's testimony that appellant had pulled her panties down and that a week prior to the incident had exposed himself to her on the street was uncontradicted. As there was insufficient evidence on this issue of lack of intent to justify giving an instruction on assault as a lesser included offense of assault with intent to rape, the failure to so instruct was not error.

---

*preciable period* against the person's will and with a willful intent so to confine the victim. . . ." [*Chatwin v. United States*, 326 U.S. 455, 460, 66 S.Ct. 233, 235, 90 L.Ed. 198 (1946) (emphasis supplied).]

**6.** *Cf. Wooten v. United States*, D.C.App., 343 A.2d 281 (1975) (kidnaping of one complainant and assault with intent to kill another).

**7.** Our decision that kidnaping here merged with the assault with intent to rape makes it unnecessary for us to consider the content of the trial judge's instructions on kidnaping.

We have examined appellant's other contentions and find none of them reach the level of reversible error.

*The judgment of conviction for kidnaping is vacated; the judgment of conviction for assault with intent to rape is affirmed.*