**Michael WOOD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–167.

District of Columbia Court of Appeals.

Submitted Feb. 1, 1984.

Decided Feb. 23, 1984.

---

Steven R. Kiersh, Washington, D.C., appointed by the court, was on the brief for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, Judith Hetherton, Barry M. Tapp, and Regina C. McGranery, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before PRYOR and BELSON, Associate Judges, and REILLY, Chief Judge, Retired.

PRYOR, Associate Judge:

This is an appeal from a judgment of guilty, entered after a jury verdict, of felony murder while armed, D.C.Code §§ 22–2401, –3202 (1981); attempted armed robbery, *id.* §§ 22–2902, –3202; and carrying a pistol without a license, *id.* § 22–3204. Appellant's sole complaint concerns the trial judge's refusal to give a requested instruction for the lesser offense of murder in the second degree, *id.* § 22–2403. We affirm.

On the morning of June 2, 1979, sixty year old John Bowman left his house, telling his wife that he would return for brunch. Bowman was sitting in a liquor store not far from his home when a stranger approached two men who were engaged in conversation on a street corner near the liquor store. The stranger mentioned his desire to "rob something" and inquired how often police patrolled the area. One of the men, Samuel Williams, noticed that the stranger had a revolver tucked under his waistband and replied that police drove by at least once every hour. Williams crossed the street to speak with friends as Bowman left the liquor store followed by thirteen year old Deon Green. As Bowman and the youngster were about to turn down an alley, the stranger approached Bowman from behind, then grabbed and shot him. Green, having observed the shooting, ran around the corner to a friend's house where he remained for a few minutes. Samuel Williams and Roy Green, an adult, witnessed the incident from across the street. Williams recognized the killer as the armed stranger who moments earlier had declared his intention to rob. Roy Green watched the killer shoot Bowman at point-blank range and then search the fallen victim's top shirt pocket before making good his escape. Photographs of Bowman's body, taken by police shortly after the killing, reflected that Bowman's pockets had been turned inside out. The three witnesses were given opportunities to view appellant

and all three were firmly explicit in their identifications of him as the killer.[1]

The trial judge instructed the jury as to the requirements for conviction of felony murder while armed but denied defense counsel's request for an instruction as to the lesser-included charge of second-degree murder.

 Generally, when "counsel ask for a lesser-included[ ] offense instruction, it should be freely given." *Walker v. United States,* 135 U.S.App.D.C. 280, 283, 418 F.2d 1116, 1119 (1969). However, there must be some evidence to support a finding of guilt on the lesser charge. *Sparf v. United States,* 156 U.S. 51, 63, 15 S.Ct. 273, 278, 39 L.Ed. 343 (1895). The refusal to give the instruction is not error where the "kind of reconstruction of events needed to support a lesser charge is neither fairly inferable from the testimony nor pointed out by defense trial counsel." *United States v. Sinclair,* 144 U.S.App.D.C. 13, 15, 444 F.2d 888, 890 (1971); *Ballard v. United States,* 430 A.2d 483, 487 (D.C.App.1981).

 In order to acquit appellant of felony murder but convict him of second-degree murder, the jury would have had to ignore uncontradicted evidence of an attempt to rob (appellant's declaration of his intent to rob, Roy Green's testimony that he saw appellant search Bowman's pocket and the police photograph depicting Bowman's pulled-out pockets) and conclude that appellant was suddenly overcome by an irresistible desire to kill Bowman for some undisclosed reason. It is precisely this kind of "bizarre reconstruction" of the evidence that trial judges should refrain from encouraging jurors to undertake. *United States v. Sinclair, supra,* 144 U.S.App.D.C. at 15, 444 F.2d at 890; *Rease v. United States,* 403 A.2d 322, 325 (D.C.App.1979). Finding no rational basis in the evidence for the requested instruction, we hold that its denial was not error.

*Affirmed.*

---

1. Deon Green was unable to make an identification at a lineup because appellant had removed his beard and moustache shortly before the lineup. However, a detective showed Green a photograph of appellant as he appeared with facial hair, and Green promptly identified appellant as the killer.