**David ANDERSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 83–1466.**

District of Columbia Court of Appeals.

Argued March 12, 1985.

Decided April 10, 1985.

---

R. Kenneth Mundy, Washington, D.C., for appellant.

Joan Draper, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Thomas J. Tourish, Jr., Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR, Chief Judge, and NEWMAN and TERRY, Associate Judges.

PER CURIAM:

After a jury trial, appellant was acquitted of felony murder while armed, D.C. Code §§ 22–2401, –3202 (1981), and convicted of armed robbery, *id.* §§ 22–2901, –3202. In this appeal, appellant challenges his conviction for armed robbery on the ground that the trial court erred in not instructing the jury on the lesser offense of robbery. *Id.* § 22–2901. Finding no basis in the evidence for the requested instruction, we affirm.

I

On March 1, 1983, at approximately 3:00 p.m., Roy Smith was shot in the head at point-blank range shortly after leaving the National Bank of Washington on 8th and H Streets, N.E. Smith subsequently died. At the time he was shot, Smith was carrying a paper bag full of money, and a man later identified as appellant grabbed the bag and ran off with it. Two eyewitnesses observed the events occurring in the immediate aftermath of the shooting.

The first eyewitness, Lemuel Belton, a security guard at the bank, testified that he was escorting people out the side door of the bank when he heard a "pop sound." Immediately upon hearing the sound, Belton turned and looked out the side door where he saw Roy Smith and an individual, whom he later identified as appellant, standing nose to nose. Belton testified that he also saw a second man standing about 20 feet behind appellant at the time of the shooting. Belton saw appellant grab the paper bag, freeze for two seconds, and then run straight up a nearby alley. At the same time, the man standing behind

appellant fled down 8th Street toward I Street, N.E. Belton further testified that he never saw a gun in appellant's hand, nor in the hands of the second man standing in the background.

The second eyewitness, Carolyn Ford, was parking her car on 8th Street, N.E., when she noticed an individual standing across the street "just looking around." After returning to her car, Ford heard a shot. Looking through the side window of her car, which was rolled down, Ford saw Smith lying in the street and a second individual, whom she later identified as appellant, standing near Smith's legs. Ford testified that appellant looked stunned momentarily but then ran away through a nearby alley. At the same time, the second individual, whom she had earlier noticed "just looking around," also ran away.

Two days after the incident, Belton picked appellant's picture out of a photo array. On March 28, 1983, Belton picked appellant out of a line-up. On August 4, 1983, Carolyn Ford was shown a photograph of the line-up and identified appellant.

At trial, Dr. Stephen Douglas Dixon testified that his autopsy on the body of Roy Smith revealed the cause of death to be a gunshot wound to the left temple. Dixon further testified that the dot-like contusions or bruises around the bullet hole in Smith's head indicated that the gun had been fired from approximately one foot away.

Appellant testified at trial and denied that he had been near 8th and H Streets, N.E., on March 1, 1983. Appellant's mother also testified that while she normally drives herself to work, appellant had driven her to work on March 1, 1983.[1]

During discussion of jury instructions, defense counsel requested an instruction respecting robbery as a lesser included offense. This request was denied. After appellant was convicted of armed robbery, defense counsel moved for a judgment notwithstanding the verdict and a new trial based, in part, on the failure to give the requested instruction. After these motions were denied, this appeal followed.

## II

Appellant's sole claim on appeal is that the trial court committed reversible error in not instructing the jury on robbery. We disagree.

The determination of whether a lesser included offense is appropriate depends on whether the lesser offense consists of some but not all of the elements of the greater offense, *Sansone v. United States*, 380 U.S. 343, 350, 85 S.Ct. 1004, 1009, 13 L.Ed.2d 882 (1965), and on whether there is sufficient evidence to support the charge. *Roane v. United States*, 432 A.2d 1218, 1220 (D.C.1981) (per curiam); *Rease v. United States*, 403 A.2d 322, 328 (D.C.1979). Here, it is undisputed that robbery is a lesser included offense of armed robbery. *See Lightfoot v. United States*, 378 A.2d 670, 672 (D.C.1977). Thus, the sole question is whether the evidence was sufficient to justify giving the instruction.

"The test for sufficiency is whether 'some evidence' has been presented on the subject." *Robinson v. United States*, 388 A.2d 1210, 1213 (D.C.1978) (quoting *Stevenson v. United States*, 162 U.S. 313, 314, 16 S.Ct. 839, 839, 40 L.Ed. 980 (1896)). As outlined in *Robinson*, this requirement is met in one of two ways: "(1) where there is conflicting testimony on the factual issue, and (2) where the lesser included offense is fairly inferable from the evidence, including a reconstruction of the events gained by accepting testimony of some or all of the witnesses even in part." *Id.* In

---

1. On cross-examination, appellant's mother denied having told Detective Slawson on March 3, 1983, that her son, David, had not driven her to work "in months." In rebuttal, Detective Slawson testified that Mrs. Anderson had told him on March 3 that appellant had not driven her to work in "several weeks" and that she could not account for his whereabouts on February 28, March 1, or March 2, 1983.

applying these tests, however, no lesser included offense instruction may be given where, to convict on the lesser offense, the jury would have to engage in an irrational or bizarre reconstruction of the facts of the case. *E.g., Wood v. United States*, 472 A.2d 408, 410 (D.C.1984); *United States v. Sinclair*, 144 U.S.App.D.C. 13, 14–15, 444 F.2d 888, 889–90 (1971).

■ Appellant's defense in this case was exculpatory. Thus, his argument that a lesser instruction was appropriate is based on evidence presented by the government.[2] Appellant notes that the government's eye-witnesses—Ford and Belton—did not see any weapon used by or available to appellant. Moreover, both testified to seeing a third person in the vicinity at the time of the shooting who fled at the same time as appellant. From this, appellant argues that the government's evidence

> was compatible with a version [of events] that the Appellant, innocently present, unarmed and unassociated with any armed actor happened on the scene of a street robbery or grudge killing; that Smith was shot by an unknown and unidentified assailant other than Appellant; that after Smith fell, Appellant noticed the money, picked it up, hesitated ... and then chose to flee.

■ In this case, the government presented two eyewitnesses who testified that they turned to view the scene of the shooting the instant they heard the shot fired. Both witnesses identified appellant as the individual they saw standing next to Smith only a moment after the shooting. The government also presented uncontradicted evidence that Smith was shot from 12 inches away. In light of the government's case, appellant's hypothesis that he innocently "happened upon" the scene of a grudge killing or armed robbery and decided to rob the victim "strain[s] credulity to

the breaking point." *United States v. Crowder*, 177 U.S.App.D.C. 165, 171, 543 F.2d 312, 318 (1976), *cert. denied*, 429 U.S. 1062, 97 S.Ct. 788, 50 L.Ed.2d 779 (1977) (citation omitted). Indeed, "[i]t is precisely this kind of 'bizarre reconstruction' of the evidence that trial judges should refrain from encouraging jurors to undertake." *Wood v. United States, supra*, 472 A.2d at 410 (quoting *United States v. Sinclair, supra*, 144 U.S.App.D.C. at 15, 444 F.2d at 890). Thus, we find no error in the trial judge's refusal to give the lesser included offense instruction.

*Affirmed.*

---

**2.** That an exculpatory defense was presented does not preclude a lesser included offense instruction if the other evidence presented provides a basis for finding defendant guilty of the lesser included offense. *Ballard v. United States*, 430 A.2d 483, 486–87 (D.C.1981); *Khaalis*

*v. United States*, 408 A.2d 313, 341–42 (D.C. 1979), *cert. denied*, 444 U.S. 1092, 100 S.Ct. 1059, 62 L.Ed.2d 781 (1980); *Jones v. United States*, 374 A.2d 854, 856 (D.C.1977). *See also United States v. Thornton*, 241 U.S.App.D.C. 46, 55, 746 F.2d 39, 48 (1984).