Wallace E. WRIGHT, Appellant,

v.

UNITED STATES, Appellee.

No. 83–479.

District of Columbia Court of Appeals.

Argued Dec. 6, 1984.

Decided Feb. 27, 1986.

---

Richard S. Greenlee, Public Defender Service, with whom James Klein, Public Defender Service, was on brief, for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Donald Allison, Asst. U.S. Attys., were on brief, for appellee.

Before MACK and ROGERS, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant was charged along with three others—Wayne Washington, Jean Williams, and William James—in a six count indictment with various narcotics violations. When the matter came to trial, only the first three counts remained, see infra. Of these, the first charged Washington and James with distribution of heroin, D.C.Code § 33–541(a)(1) (1985 Supp.); the second charged appellant and Washington with distribution of heroin, id; and the third charged appellant, Washington, and Williams with possession with intent to distribute heroin, id. A jury convicted appellant on both counts. This appeal followed.

■ Appellant submits that he is entitled to a reversal for several reasons: prejudicial joinder under Super.Ct.Crim.R. 8(b), erroneous denial of a requested lesser-included offense instruction for simple possession of heroin, D.C.Code § 33–541(d) (1985 Supp.); and erroneous failure to suppress physical evidence allegedly seized pursuant to arrest without probable cause. We find no merit in appellant's argument concerning illegal seizure.[1] We do find, however, that he was entitled to the requested lesser-included instruction. Because we reverse and remand on this ground, we do not address the argument concerning misjoinder.[2]

1. Appellant contends that the trial court erred when it denied his motion to suppress the money found in his pocket during the search incident to his arrest. The police had probable cause to arrest him for at least constructive possession of the heroin found in the car, and the search incident to the arrest was proper. Cf. Porter v. United States, 282 A.2d 559, 560 (D.C.1971) (appellant had knowledge and control over revolver found in car in which he was seated in driver's position).

2. The government concedes that the first count of the indictment charging Washington alone was misjoined with the remaining two counts involving Washington and appellant on a later date because appellant's relationship to the earlier incident was not alleged. On appeal, the government argues that the misjoinder was harmless.

## I.

On October 17, 1981, appellant's codefendant, Washington, after a brief conversation, took money from undercover police officer Leonard Allen. Washington walked over to William James, exchanged the money for heroin and, in turn, gave the heroin to Allen.

On October 29, 1981, Washington solicited money from undercover police officer Ronald Smith for drugs, this time meeting his supplier in the carryout where appellant worked. Through the window, Officer Smith observed Washington hand the money to an unidentified man, but not appellant. The man gave Washington heroin which Washington then delivered to Smith. After an unsuccessful attempt to locate Washington and his supplier, the arrest team radioed Officer Smith, asking if he would drive through the area and try to locate the suspects. Smith caught up with Washington and advised the arrest team of his location and that he was riding in a Cadillac, which, as it turned out, was being driven by appellant. Smith also informed them that he recognized the other passenger, Jean Williams, as the woman standing near Washington's supplier in the carryout when the heroin was handed out. The arrest team thereafter spotted the Cadillac in transit and, when appellant pulled into a parking lot, they converged on the car. Williams, the front seat passenger, was observed throwing something, later found to be heroin, under the car. A packet of heroin was recovered in plain view from the front passenger seat; a large packet of white powder, later determined to be cutting materials, was recovered from above the passenger seat where the seat belts were stored; and other packets were recovered from between the passenger seat and the car door. All occupants were arrested. Two $20 bills with serial numbers matching those on the bills used by Officer Smith to buy the heroin were recovered, along with about $600 cash, from appellant's pants' pocket.

In the first count of a six-count indictment, James and Washington were charged with distribution of heroin on October 17, 1981. In count two, appellant and Washington were charged with the distribution of heroin on October 29, 1981. Count three charged appellant, Washington and Williams with possession with intent to distribute heroin on October 29, 1981. Counts four and five charged Washington with narcotics offenses on October 31, 1981, and count six charged appellant with possession of phenmetrazine with intent to distribute on March 6, 1982. Upon appellant's motion to sever defendants and offenses, the motions judge granted it in part, severing the sixth count. On the eve of trial, counts four and five were severed because the government was not ready to proceed. Before trial, defendant James pled guilty to count one (Washington-James October 17 sale). When the case came to trial, all that remained was the count one charge of distribution against Washington (October 17), the unrelated count two charge of distribution against Washington and appellant, and the count three charges of possession with intent to distribute against appellant, Washington and Williams (both on October 29).

▮ Appellant's contention concerning a lesser-included offense instruction has merit. When counsel ask for a lesser-included offense instruction, it should be freely given. *Wood v. United States*, 472 A.2d 408, 410 (D.C.1984). Whether a lesser-included offense instruction is appropriate is contingent upon whether the lesser-included offense consists of some, but not all, elements of the greater offense and whether there is sufficient evidence to support a finding that appellant committed the lesser offense but not the greater. *See Anderson v. United States*, 490 A.2d 1127, 1129 (D.C.1985); *Robinson v. United States*, 388 A.2d 1210, 1213 (D.C.1978).

▮ With the intent to distribute as the factual element that distinguishes the greater offense from the lesser, we look for "some evidence," *Anderson, supra,* 490

A.2d at 1129 (citing *Robinson, supra,* 388 A.2d 1210, 1213 (D.C.1978) (quoting *Stevenson v. United States,* 162 U.S. 313, 314, 16 S.Ct. 839, 839, 40 L.Ed. 980 (1896)), which would put appellant's intent to distribute in dispute. We find that the defense offered testimony which could create an inference of the commission of the lesser-included offense and which therefore warranted the issuance of the required instruction.

 The government presented two major pieces of evidence against appellant: apprehension of appellant with a suspected drug seller which resulted in recovery of drugs and drug cutting materials, and recovery from appellant of a large sum of money, including two marked bills used in the earlier drug sale. Nevertheless, appellant's testimony, if believed by the jury, would provide a rational basis for acquitting appellant of the greater offense and convicting him of the lesser. Appellant suggests that he came to possess the two marked bills after making change for customers at the same carryout where the drug transaction occurred and where appellant worked. In light of the government's evidence that undercover agent Smith observed Washington deliver the money to an unidentified man, rather than appellant, in the carryout, appellant's version might be credible to a jury. In further explanation, he testified that he had a substantial amount of money with him because he was on his way to get a money order to pay $475 for rent. With regard to his association with Washington and Williams, appellant explained that when he was leaving to get his money order, Williams asked him for a ride and, en route, Washington, who was walking, flagged him down for a ride. Regardless of how we would resolve the credibility issue presented, we find that it was error to have removed the issue from the consideration of the jury. *See Washington v. District of Columbia,* 429 A.2d 1362, 1369–70 (D.C.1981). The evidence was sufficient to enable a lesser offense instruction to issue upon request.[3] Consequently, appellant is entitled to a new trial with a properly instructed jury.

*Reversed and remanded.*

---

3. The government submits that because appellant denied committing the greater offense and the lesser, he is not entitled to the lesser offense instruction. The assertion of an exculpatory defense, however, does not preclude a lesser offense instruction. *See Anderson, supra,* 490 A.2d at 1130 n. 2.