**James KENDALL, a/k/a Raymond Williams, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 8754.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1975.

Decided Dec. 29, 1975.

Linda Kay Davis, Washington, D.C., for appellant. Frederick H. Weisberg, Washington, D.C., was appointed by the court and entered an appearance for appellant.

Michel G. Scheininger, Asst. U. S. Atty., with whom Earl J. Silbert, U.S. Atty., John A. Terry, James F. McMullin and

Tobey W. Kaczensky, Asst. U.S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Appellant was charged in a seven count indictment with two counts each of armed robbery, robbery, and assault with a dangerous weapon and with one count of carrying a pistol without a license.[1] After a three-day jury trial, he was found guilty on the two armed robbery counts and on the count of carrying a pistol without a license. Appellant contends that the trial judge committed reversible error by continuing to poll the jury after the first juror indicated she did not agree with the guilty verdict on the first armed robbery count. The government argues that the trial judge's action was entirely proper as the juror's response was the result of her confusion, caused in part by the multicount indictment, rather than of her genuine dissent with the guilty verdict.

**I**

At approximately 4:15 p.m. on the second day of trial, the case was submitted to the jury. It deliberated one hour before recessing for the night. Jury deliberations were resumed the following day and at 2:35 p.m., the jury returned a verdict. The trial judge upon receiving the verdict form addressed the jury as follows:

THE COURT: Very well. The verdict form indicates on the first count, robbery while armed of Davis [sic]

Johnson, verdict of guilty. Not guilty with respect to the second count, and not guilty with respect to the third count.

The fourth count, armed robbery of Charles McCant, guilty. The fifth count, not guilty; sixth count, not guilty; and the seventh count, carrying a pistol without a license, guilty.

Is this your verdict so say you all?

THE JURY: Yes.[2]
The jury was then polled by the deputy clerk:

THE DEPUTY CLERK: Members of the jury, may I have your attention, please? At this time you will be individually polled as to the three counts as stated on your verdict form, that you found the defendant guilty of.

Now, when I call your name, I will recite the counts and I'd like you to tell the Court how you found the defendant.

Juror number one, . . . . First count, robbery while armed of David C. Johnson. How did you find him, ma'am?

[FIRST JUROR]: I had not guilty on that.

THE COURT: On the first count you had not guilty?

[FIRST JUROR]: I think it was.

THE COURT: That was the armed robbery count of David Johnson.

[FIRST JUROR]: Yes. We had these little cards writing down which one.

THE COURT: Let's pass that for the moment.

1. D.C.Code 1973, §§ 22–2901, 22–3202, 22–502 and 22–3204.

2. It should be noted that it was unnecessary for the jury to return verdicts of not guilty on the counts of robbery and assault with a dangerous weapon as each is a lesser included offense of armed robbery. Both the judge's instructions and the verdict form properly directed the jury not to consider the lesser included offenses once guilt on the armed robbery counts had been determined. However, the jury ignoring these instructions marked not guilty on its verdict form as to the lesser included offenses.

The deputy clerk continued to poll and each remaining juror responded guilty to both armed robbery counts and to the count of carrying a pistol without a license. The trial judge thereupon addressed the first juror:

> THE COURT: All right. Juror number one, you have heard the verdict. Now, with respect to the first count, I ask you again, how did you find David—James Kendall with respect to robbery while armed?
>
> [FIRST JUROR]: I found him guilty.
>
> THE COURT: Now what about the fourth count of armed robbery of Charles B. McCant?
>
> [FIRST JUROR]: Guilty.
>
> THE COURT: What about the seventh count of carrying a pistol without a license?
>
> [FIRST JUROR]: Guilty.
>
> THE COURT: In order [sic] words, your verdict was the same as the other jurors? Your verdict is unanimous, is that correct? Your verdict was unanimous?
>
> [FIRST JUROR]: Yes.

### II

■ The right to a jury poll originated in the common law and is now embodied in Super.Ct.Cr.R. 31 which provides in pertinent part that

> (d) *Poll Of Jury.* When a verdict is returned and before it is recorded the jury shall be polled at the request of any party or upon the court's own motion.

If upon the poll there is not unanimous concurrence, the jury may be directed to retire for further deliberations or may be discharged.

At issue here is the proper procedure for a trial judge to follow once the poll produces a juror who disagrees with the announced verdict. The correct procedure, as enunciated in *In re Pearson*, D.C.App., 262 A.2d 337, 340 (1970), is that

> . . . *after* a juror's dissent is clearly registered, *further* polling is unnecessary and, in the absence of a contrary request by defense counsel, is error. (Emphasis in original.)

The rationale is that continued polling serves no salutary purpose while at the same time it discloses in open court the jury's numerical division and consequently subjects the dissenting juror or jurors to unnecessary coercion.[3] Although every jury poll has an inescapable element of coercion, a trial judge by stopping a poll once lack of unanimity is evident can avoid undue coercion. In this case after the first juror indicated not guilty she heard eleven of her fellow jurors pronounce appellant guilty on all three counts. The trial judge addressed the first juror, ". . . Juror number one, you have heard the verdict. . . ." However, at that moment there was no verdict but rather an eleven to one split on the first armed robbery count.[4] While we are certain that the procedures followed by the trial judge were not intended to be coercive, nonetheless the inevitable effect was to pressure the first juror to conform her vote to that of the majority.

### III

The government hypothesizes that the dissenting juror was confused by the multi-

---

3. *In re Pearson, supra; Jones v. United States*, D.C.App., 273 A.2d 842 (1971); *cf. Brasfield v. United States*, 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345 (1926).

4. The deputy clerk did not poll the first juror on the other two counts before polling the remaining jurors on all three counts. In such circumstances any consideration of a unanimous verdict on the remaining two counts would be both speculative and tainted with impermissible coercion.

ple count indictment and such confusion was understandable since the trial was the first heard by this jury panel. However plausible the government's theory, the record discloses that the first juror clearly stated as to the first count, "I had not guilty on that." Indeed, the trial judge rather than stopping the poll and questioning the juror to determine if she were confused by the indictment chose to continue the poll.[5] Thus, both the juror's response and the trial judge's actions do not support a conclusion that the juror was confused.

Lastly, the government contends that appellant by failing to object to the continuation of the poll is precluded from contesting it on appeal. We disagree. The request for a jury poll should immediately alert the trial judge that there may be a dissent voiced during the poll. Once a poll is begun and lack of unanimity is apparent then Super.Ct.Cr.R. 31(d) requires that "the jury may be directed to retire for further deliberations or may be discharged." The rule itself requires action by the trial judge and an objection at this point is redundant.

*Reversed and remanded.*

5. We do not dispute the contention of the government that in certain circumstances during a poll a trial judge may properly question a juror to determine if he is confused and that such questioning is not coercive. *Williams v. United States*, 136 U.S.App.D.C. 158, 164, 419 F.2d 740, 746 (1969). It is simply not applicable in this case.