Andrew M. **ROANE,** Appellant,

v.

**UNITED STATES,** Appellee.

No. 80–465.

District of Columbia Court of Appeals.

Submitted May 19, 1981.

Decided June 10, 1981.

Albert A. Rapoport, Washington, D. C., appointed by this court, for appellant.

Charles F. C. Ruff, U. S. Atty., Washington, D. C., with whom John A. Terry, Richard W. Goldman and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on brief for appellee.

Before MACK and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

**PER CURIAM:**

A jury convicted appellant, Andrew M. Roane, of second-degree burglary. D.C. Code 1973, § 22–1801(b). Appellant contends that the trial court erred in failing to instruct the jury, as requested, on the less-er-included offense of unlawful entry. *Id.* § 22–3102. Because there was evidence from which a jury reasonably could have found appellant guilty of unlawful entry, we hold that the trial court erred in refusing to give the requested instruction. We reverse and remand the case for entry of a judgment of conviction of unlawful entry or, in the alternative, for a new trial.

## I.

James Koger, testified that at approximately 6:00 a. m. on May 27, 1979, he had observed appellant and another man push in a board covering a window and then enter Tucker's TV Store in Northeast Washington. Koger, who had been in his car at the time, contacted the police on his CB radio.

Officer Donald Gossage testified that he had responded to a radio call for a crime in progress at the store. Upon arrival, he observed appellant in the showcase window. Officer Gossage than saw appellant climb out of the store and run down the street, dropping a work glove. The officer pursued appellant, caught him, and placed him under arrest.

George Tucker, the owner of the store, testified that he had arrived at the store at approximately 7:00 a. m. after receiving a call from the police. He found that a board he had placed over a broken storefront window had been forced through the window. He also noticed that two television sets had been moved from their original places in the store. On later examination, he found that a television set and an amplifier were missing. Later that day, Tucker found a glove inside the store near the broken window.

Appellant testified in his own defense. He stated that, driving home after a late party, he had had a dispute with his girlfriend and had left the car for a walk. While passing Tucker's TV Store, he heard a dog barking inside. Appellant "noticed that the panel, or the wood, or the glass had been pushed out the window, and ... walked over to the window to look in to see what was going on." As he looked in, he

"had half [his] body leaning inside of the store, partially in and partially out." Appellant denied going further into the store. He also denied possessing work gloves at the time or running from the police.

At the close of the testimony, appellant requested the court to instruct the jury on the lesser-included offense of unlawful entry. The trial court denied the request, explaining that there was insufficient evidence to justify the instruction because, if appellant were believed, "he never went physically in the building except for a portion of his body, looking in."

The jury found appellant guilty of second-degree burglary. The trial court sentenced appellant to prison for a term of three to nine years, to be served consecutively to any sentence appellant then was serving. This appeal followed.

## II.

"A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for a lesser charge." *Rouse v. United States*, D.C.App., 402 A.2d 1218, 1220 (1979); *accord, Rease v. United States*, D.C.App., 403 A.2d 322, 328 (1979) (per curiam); *Day v. United States*, D.C.App., 390 A.2d 957, 961 (1978); *see* Super. Ct. Cr. R. 31(c). The government concedes that unlawful entry is a lesser-included offense of burglary. *See United States v. Whitaker*, 144 U.S.App.D.C. 344, 350, 447 F.2d 314, 320 (1971). The key question, therefore, is whether there was a sufficient evidentiary basis for unlawful entry.

█ This second, evidentiary requirement means that the greater offense must require proof of a disputed factual element not required for proof of the lesser-included offense. *Sansone v. United States*, 380 U.S.

343, 350, 85 S.Ct. 1004, 1009–10, 13 L.Ed.2d 882 (1965); *Rease, supra* at 328–29; *Rouse, supra* at 1220; *Day, supra* at 960. We have held that once a defendant requests a lesser-included offense instruction, the court must grant it if there is " 'any evidence . . . ,' however weak," which leads to such a factual dispute. *Belton v. United States*, 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967); *accord, Rease, supra*, at 329; *Rouse, supra* at 1221; *Day, supra* at 962. "A trial judge can properly deny the requested instruction only if there is no factual dispute and a finding to the contrary on the only evidence at issue would be irrational." *Rease, supra* at 329; *accord, Rouse, supra* at 1221; *Day, supra* at 962.

█ In the present case burglary required proof of intent to steal, an element not required for conviction of unlawful entry. Appellant denied that he had entered the store with this intent. Appellant's testimony that he stuck his body partially into the store, however, if believed, would be sufficient to support a conviction for unlawful entry; contrary to the trial court's understanding, one does not have to enter a building completely for conviction of that crime. *See United States v. Thomas*, 144 U.S.App.D.C. 44, 51–52, 444 F.2d 919, 926–27 (1971) (evidence sufficient to convict of unlawful entry when defendant was "halfway through the window" before being pushed back). As a general matter, "[t]here is an entry when any part of the defendant's person passes the line of the threshold." 3 C. Torcia, Wharton's Criminal Law § 331, at 202 (14th ed. 1980); *accord*, R. Perkins, Criminal Law 198 (2d ed. 1969). A juror who believed appellant's testimony, therefore, reasonably could find him guilty of unlawful entry.[1] The trial court, accordingly, erred in declining to give the requested instruction.

---

1. In summarizing the evidence for the jury, the trial court apparently recognized—contrary to its earlier ruling on the requested unlawful entry instruction—that appellant's version of the events might be sufficient to support a finding that an entry had taken place. The court stated:

> He doesn't deny that he put his head in, but you must remember that the offense requires not only the entry—even if you consider sticking a head in a window an entry, the Government must also prove that he put his head in there with a specific intent to commit larceny, and that's what he denies. . . .

## III.

Because of the instructional error, we must reverse appellant's conviction. In finding second-degree burglary, however, the jury necessarily found appellant guilty of the lesser-included offense of unlawful entry. *See Whitaker, supra,* 144 U.S.App. D.C. at 352, 447 F.2d at 322; *Thomas, supra* 144 U.S.App.D.C. at 52, 444 F.2d at 927. By virtue of appellant's admission that half his body was inside the store and his failure to assert a legal justification for being there, we do not understand him to contest the unlawful entry charge. Accordingly, we remand the case for entry of a judgment of conviction for unlawful entry if the Government does not object and the trial court considers it in the interest of justice to do so. Otherwise, appellant should be entitled to a new trial. *United States v. Seegers,* 144 U.S.App.D.C. 162, 164, 445 F.2d 232, 234 (1971); *accord, Whitaker, supra* 144 U.S. App.D.C. at 352, 447 F.2d at 322; *Thomas, supra* 144 U.S.App.D.C. at 52, 444 F.2d at 927; *United States v. Comer,* 137 U.S.App. D.C. 214, 220–221, 421 F.2d 1149, 1155–56 (1970).[2]

*So ordered.*

---

**2.** *Compare Petway v. United States,* D.C.App., 420 A.2d 1211, 1213 (1980) (per curiam) (conviction of assault on a police officer reversed without remand for possible entry of conviction for lesser-included offense of simple assault where defendant not only denied knowledge that complaining witness was a police officer but also claimed self-defense).