**Albert LAMPKINS, Jr., Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 84–947.**

District of Columbia Court of Appeals.

Submitted Dec. 13, 1985.
Decided Sept. 24, 1986.

Frances M. D'Antuono, appointed by this court, was on brief for appellant.

Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Zinora M. Mitchell, and Judith E. Retchin, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before PRYOR, Chief Judge, and TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellant was convicted of possession of a controlled substance, cocaine, with intent to distribute it, in violation of D.C.Code § 33–541(a)(1) (1986 Supp.). On appeal he contends that the trial court abused . its discretion in allowing a police officer to testify on redirect examination about hearsay information received from an informant, that the admission of these out-of-court statements violated his rights under the Confrontation Clause of the Sixth Amendment, and that the trial court improperly denied his request for an instruction on a lesser included offense. We affirm.

I

Officer Angelo Parisi, a member of the police department's narcotics task force, testified at trial that he went to the 2100 block of 14th Street, N.W., in response to a radio run, to look for someone fitting a particular description. After about fifteen or twenty minutes he found appellant, who matched the description, playing a game in a video arcade. Parisi placed appellant under arrest, searched him, and found in his right front pants pocket twenty individually wrapped foil packets containing a white powder. Chemical analysis later established that the powder was cocaine.

On cross-examination Officer Parisi testified that appellant had very little money (less than five dollars) on his person when he was arrested. Parisi added that in about half of all drug arrests, the police recover significant amounts of money from the suspects. Sometimes, however, drug dealers use a "money man" to carry the cash separately from the drugs. Parisi saw no money man at the time of appellant's arrest, nor did he later learn that there was such a person working with appellant.[1]

1. An expert witness testified that the fact that someone in possession of twenty packets of cocaine did not have any money on his person would mean either that he was working with a money man or "juggler" or that he had just bought a fresh supply of drugs for resale. The expert, Detective Johnny St. Valentine Brown, also stated that the packaging of the cocaine in

Before the trial began, the prosecutor alerted the court to a potential hearsay problem in that appellant had been arrested on the basis of information provided by an informant. To avoid the problem, the court allowed the prosecutor to ask leading questions during her examination of Officer Parisi, and to some extent she did so. Then, on cross-examination, defense counsel elicited the following:

Q. Had he [appellant] been identified by anyone as having done anything wrong at that time [the time of his arrest]?

A. No.

Ms. MITCHELL [the prosecutor]: Objection, Your Honor, to the form of the question. It's not relevant.

THE COURT: Overruled.

THE WITNESS: Was he identified by the information received?

BY MR. GAYE [defense counsel]:

Q. Did any person—from the time you stopped my client, Mr. Lampkins, until the time that the sergeant did this whole test [field test on the narcotics], had anyone come by and said to you that's Mr. Lampkins, he's broken the law?

A. No.

Q. Why did you put him in handcuffs?

A. Because he was under arrest.

Q. Why?

A. Because of information we received.

On redirect the prosecutor asked:

Q. You said that you put Mr. Lampkins under arrest because of information you received. Did you—would you tell us what information you received?

A. The information was from a reliable source who had proven in the past on numerous occasions to give us true and accurate information leading to numerous arrests and for not only drugs

but other crimes in the city. And based on that person's information, we made the arrest.

Q. And what information was that?

MR. GAYE: Your Honor, I object at this point.

THE COURT: You opened the door. The prosecutor can walk through it.

THE WITNESS: He gave us information that a subject in the area of 14th and W Streets, N.W., probably inside Dottie's Carry-Out wearing a red and white stripe shirt, blue jeans with bleach spots on them and a tan three-quarter length coat was in that area in possession of heroin and cocaine and was in the process of distributing them.

Based on that information we searched the area and found Mr. Lampkins answering that description.

## II

■ Appellant contends that the trial court erred in allowing Officer Parisi to testify about the hearsay information received by the police which led to his arrest. We hold, however, that because defense counsel opened the door to this line of inquiry and intimated that appellant's arrest had been arbitrary and unjustified, the court did not abuse its discretion in admitting the officer's rebuttal testimony.

■ Under the doctrine of curative admissibility, "the introduction of incompetent or irrelevant evidence by a party opens the door to admission of otherwise inadmissible evidence 'only to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence.'" *Dyson v. United States*, 450 A.2d 432, 442 (D.C.1982) (citations omitted). The doctrine is based upon, and is limited by, "the necessity of removing prejudice in the interest of fairness." *Crawford v. United States*, 91 U.S.App. D.C. 234, 237, 198 F.2d 976, 979 (1952) (citations omitted). In a criminal case,

twenty individual packets was consistent with an intent to distribute, and not with personal

use.

"[t]he rule operates to prevent an accused from successfully gaining exclusion of inadmissible prosecution evidence and then extracting selected pieces of this evidence for his own advantage, without the Government's being able to place them in their proper context." *United States v. Winston,* 145 U.S.App.D.C. 67, 71–72, 447 F.2d 1236, 1240–1241 (1971); *accord, Middleton v. United States,* 401 A.2d 109, 126 (D.C. 1979). When constitutional rights are involved, as in this case,[2] "the court must be particularly clear that the case is appropriate for curative admissibility ... [by requiring a] clear showing of prejudice before the open-the-door rule of rebuttal may be involved." *United States v. Winston, supra,* 145 U.S.App.D.C. at 71, 447 F.2d at 1240 (footnote omitted). When the trial court decides to admit such testimony on a theory of curative admissibility, however, its decision will not be reversed on appeal unless the appellant can demonstrate a clear abuse of discretion. *Middleton, supra,* 401 A.2d at 126; *see also* E. CLEARY, MCCORMICK ON EVIDENCE § 57 (3d ed. 1984); 1 J. WIGMORE, EVIDENCE § 15 (Tillers rev. 1983).

In this case, defense counsel's line of questioning was irrelevant to any issue that the jury had to consider. Given the nature of the charge against appellant—a single-count indictment alleging possession with intent to distribute—the government had to prove only that he was in possession of a quantity of cocaine at a certain time and place, and that while in possession he had a specific intent to distribute the cocaine. The circumstances leading up to the officer's discovery of the drugs in appellant's pocket were legally and factually irrelevant. Thus the *sine qua non* of curative admissibility, "the introduction of incompetent or irrelevant evidence by a par-

ty," occurred in this case, opening the door to the admission of otherwise inadmissible evidence to the extent necessary to remove any unfair prejudice. *Dyson, supra,* 450 A.2d at 442.

■ We reject the notion that defense counsel, in cross-examining the officer, was merely attempting to show that the police had failed to conduct a ride-by or a show-up in order to confirm that appellant was the subject of the radio broadcast. By asking Officer Parisi why appellant had been arrested, defense counsel may well have caused the jury to wonder if the police behavior might have been so unreasonable or unjustified as to cast doubt on the government's case. *See United States v. Lewis,* 226 U.S.App.D.C. 236, 239, 701 F.2d 972, 975 (1983). Through his cross-examination, counsel selectively introduced a potentially damaging piece of evidence—the fact that appellant was arrested on the basis of certain unexplained information—without allowing the government to place that fact in its proper context. *See Winston, supra,* 145 U.S.App.D.C. at 71–72, 447 F.2d at 1240–1241. If not rebutted, this evidence was clearly prejudicial to the government's case,[3] since some of the questions would leave the jury with the impression that appellant was searched and arrested for no reason. Accordingly, the government could introduce otherwise inadmissible evidence—in this instance, the informant's hearsay statements—"to the extent necessary to remove any unfair prejudice which might otherwise have ensued from the original evidence." *California Insurance Co. v. Allen,* 235 F.2d 178, 180 (5th Cir.1956), quoted in *Winston, supra,* 145 U.S.App.D.C. at 71, 447 F.2d at 1240. Thus we conclude that the trial court properly allowed the jury to hear Officer Pari-

**2.** Appellant's Sixth Amendment right to confront the witnesses against him is implicated by the admission of the informant's hearsay statements. *See generally Ohio v. Roberts,* 448 U.S. 56, 62–65, 100 S.Ct. 2531, 2537–2539, 65 L.Ed.2d 597 (1980).

**3.** Because the prejudice was obvious and substantial, the fact that appellant's Sixth Amendment right to confront the witnesses against him was implicated does not prevent application of "the open-the-door rule of rebuttal," *i.e.,* the doctrine of curative admissibility. *See Winston, supra,* 145 U.S.App.D.C. at 71–72, 447 F.2d at 1240–1241.

si's rebuttal testimony. *See Middleton v. United States, supra,* 401 A.2d at 127; *United States v. Lewis, supra,* 226 U.S. App.D.C. at 236–239, 701 F.2d at 972–975.

■ Appellant argues that the statement that he was distributing drugs was not necessary to cure any prejudice resulting from defense counsel's cross-examination. The government contends, on the other hand, that the prosecutor went no further than necessary to rebut counsel's intimation that appellant had been arrested for no reason at all. We agree that, to dispel the prejudice, the jury needed to know at least that the police had received reliable information that someone who matched appellant's description was committing or had committed a crime. Anything less would not have rebutted the suggestion, intended or unintended, that the police searched and arrested a person who otherwise appeared to be obeying the law. On this particular point we defer to the trial court. Since that court was in a much better position than we are to evaluate the possible prejudice to the government's case resulting from defense counsel's cross-examination, we cannot say that it abused its sound discretion in allowing the statement that appellant was distributing drugs into evidence. In any event, since independent evidence showed that appellant was in possession of twenty packets of cocaine, any imaginable error in the admission of the hearsay statement that appellant was distributing heroin and cocaine was surely harmless. *See Chapman v. California,* 386 U.S. 18, 21–24, 87 S.Ct. 824, 826–828, 17 L.Ed.2d 705 (1967).

### III

■ Appellant contends that the trial court erred in denying his request for an instruction on simple possession of a controlled substance as a lesser included offense of possession with intent to distribute. We reject this argument because there was no evidence which would permit the jury to find that appellant possessed the drugs only for his personal consumption.

■ "A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge." *Rease v. United States,* 403 A.2d 322, 328 (D.C.1979) (citations omitted). Simple possession is a lesser included offense of possession with intent to distribute. *See United States v. Thornton,* 241 U.S.App.D.C. 46, 746 F.2d 39 (1984). This case therefore meets the first requirement.

■ As for the second requirement of a sufficient evidentiary basis, the trial court should give a lesser included offense instruction if "proof of the greater offense will require the jury to find a disputed fact that need not be found to prove the lesser charge." *Rease, supra,* 403 A.2d at 328–329 (citations omitted); *accord, Rouse v. United States,* 402 A.2d 1218, 1220 (D.C. 1979); *Day v. United States,* 390 A.2d 957, 962 (D.C.1978); *see also Anderson v. United States,* 490 A.2d 1127, 1129 (D.C.1985). The burden is on the party seeking the instruction to convince the court "that there is evidence indicating the existence of a factual dispute.... [A]ny evidence, 'however weak,' will satisfy this requirement." *Rease, supra,* 403 A.2d at 329, citing *Rouse, supra,* 402 A.2d at 1221 and *Day, supra,* 390 A.2d at 962; *see Belton v. United States,* 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967). Furthermore, even if there is no such factual dispute, the court should appraise all the testimony to determine whether the lesser included offense is fairly inferable from the evidence. *Rease, supra,* 403 A.2d at 329. "On undisputed facts capable of only one inference, however, no lesser-charge instruction [would] be proper, let alone required." *Day, supra,* 390 A.2d at 962. Finally, "[n]o lesser included offense instruction may be given where, to convict on the lesser offense, the jury would have to engage in an irrational or bizarre reconstruc-

tion of the facts of the case." *Anderson, supra,* 490 A.2d at 1130 (citations omitted).

Appellant argues that there was testimony elicited on cross-examination of Officer Parisi to support the inference that he was guilty of only the lesser included offense of mere possession. The officer testified, in part, that appellant had only a small amount of money in his pockets at the time of his arrest, and that in approximately half of all drug cases the police find significant amounts of money in the possession of the holder of the drugs. Parisi also testified that there was no indication that appellant was working with a "money man." This evidence is insufficient to satisfy appellant's burden under *Rease.* These facts do not affirmatively show, or even suggest, that the cocaine seized from appellant's person was for his own personal use rather than for distribution; instead, they merely fail to support the inference that appellant possessed the cocaine with the intent to distribute it.

Appellant cites two federal cases, *United States v. Levy,* 703 F.2d 791 (4th Cir.1983), and *United States v. Blake,* 484 F.2d 50 (8th Cir.1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974), to support his contention. He argues that because a lesser included offense instruction was appropriate in those cases, it should have been given in the instant case, since an even smaller quantity of drugs was involved here than in *Levy* and *Blake.* Regardless of the amount of drugs involved, we find neither case persuasive, for in each of them some evidence was presented which would support a charge of mere possession. In *Levy* there was evidence that four pipes of a type customarily used for the purpose of smoking cocaine were found in the defendant's home. Furthermore, the cocaine was not divided into numerous separate packages, as in the case at bar. 703 F.2d at 792. Similarly, in *Blake* the heroin was in one glassine pack-

age, which is consistent with personal usage, not in numerous smaller ones, which is not consistent with personal usage.[4] Additionally, there was an act of concealment by the defendant, which "inferentially *could* be taken to mean that he was concealing the heroin for his own use." 484 F.2d at 58 (emphasis in original). Because of these factual differences, we conclude that neither *Levy* nor *Blake* supports appellant's argument.

We therefore hold that the trial court properly denied the request for a lesser included offense instruction. Such an instruction was objectionable because it was "based on speculation without foundation in the evidence," *Belton v. United States, supra,* 127 U.S.App.D.C. at 207, 382 F.2d at 156 (citation omitted), and because it was "merely a device for [appellant] to invoke the mercy-dispensing prerogative of the jury...." *United States v. Sinclair,* 144 U.S.App.D.C. 13, 15, 444 F.2d 888, 890 (1971) (footnote omitted).

*Affirmed.*

---

4. In *Blake* the issue presented on appeal was the sufficiency of the evidence of intent to distribute, not the failure of the trial court to give a lesser included offense instruction. The appel-

late court did state, however, that "the District Court properly instructed the jury on the lesser included offense of simple possession...." 484 F.2d at 58.