Everette J. MITCHELL a/k/a Kevin Mitchell, Appellant,[1]

v.

UNITED STATES, Appellee.

No. 89–265.

District of Columbia Court of Appeals.

Submitted April 9, 1991.
Decided Sept. 6, 1991.

Kenneth D. Auerbach, Silver Spring, Md., appointed by the court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., and John R. Fisher, Thomas C. Black, Robert Feitel, and Claudette V. Humphreys, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before ROGERS, Chief Judge, and WAGNER, Associate Judge, and GALLAGHER, Senior Judge.

ROGERS, Chief Judge:

Appellant Everette Mitchell appeals from his conviction by a jury of possession with intent to distribute a controlled substance (heroin), D.C.Code § 33–541(a)(1) (1989), on the principal ground that the trial judge erred in not instructing the jury on the lesser-included offense of attempted possession in addition to the lesser-included offense of simple possession. Although there was an evidentiary basis for the attempted possession instruction, we conclude, in view of the choice presented in the instructions to the jury and its verdict, that the failure to give the instruction was harmless error.

---

1. At trial, appellant testified that his name is Kevin Mitchell and that his brother's name is Everette Mitchell. He claimed, however, to have used his brother's name when he was first arrested in 1981, and that a computer error on another occasion had listed his name as Kelvin Mitchell. [Supp.R.2 68–69]

**I**

Two police officers watched two males who were engaged in conversation on the street. One examined a plastic package, and when he saw the officers, he gave the package back to the second man and fled. Upon his arrest, the second man, appellant, was found by the police to be in possession of ten packets of white powder, which field tested as heroin.

Appellant testified that he had been using heroin for eighteen years, and that on the day in question he had been trying to purchase drugs. He had walked up to a group of men and after talking with one man about a purchase, he reached in his pocket for some money. As he did so, the other man, who was about to give drugs to appellant, ran and took the drugs when he saw the police. Appellant claimed that when he was arrested he only had cash in his right hand and a syringe in his pocket, and that the police had found a package containing drugs 25 to 30 feet away from where he was apprehended. The government offered rebuttal testimony that no cash or syringe was found on appellant when he was arrested.

The trial judge instructed the jury on possession with intent to distribute and the lesser-included offense of simple possession as well as that the jury should not consider the lesser offense if it found appellant guilty of the greater offense, but declined to instruct on attempted possession.[2] The jury found appellant guilty of possession with intent to distribute.

**II**

Appellant contends that the trial judge's failure to instruct on attempted possession violated his Fifth Amendment right to due process of law in view of the fact that appellant's testimony would have supported the instruction. In previous cases, the court has held that, "[a] defendant in a criminal case is entitled to a jury instruction on any issue fairly raised by the evidence." *Carter v. United States*, 531 A.2d 956, 959 (D.C.1987). Thus, in *Lampkins v. United States*, 515 A.2d 428, 432 (D.C.1986), the court explained:

> A defendant is entitled to a lesser-included offense instruction when (1) all elements of the lesser offense are included within the offense charged, and (2) there is a sufficient evidentiary basis for the lesser charge.

*Lampkins, supra*, 515 A.2d at 432 (citations and internal quotation marks omitted). Indeed, the necessary evidentiary basis may consist of evidence which is quite weak, *id.*, as long as that evidence demonstrates that "proof of the greater offense will require the jury to find a disputed fact that need not be found to prove the lesser charge." *Id.* (citations and internal quotation marks omitted).

Appellant testified that he was attempting to purchase drugs at the time of his arrest and, accordingly, he was entitled to an instruction on attempted possession. *Simmons v. United States*, 554 A.2d 1167 (D.C.1989); *Lampkins, supra*, 515 A.2d at 432.[3] This is true even though, in order to find appellant guilty of attempted possession, the jury would have to credit one portion of his testimony (that he was at-

---

**2.** At the beginning of the trial and again at the close of the government's case-in-chief, the trial judge informed counsel that he would give a lesser-included offense instruction. After hearing appellant's testimony, the judge stated there would be no lesser-included offense instruction since appellant denied possession. After closing arguments, however, the judge apparently changed his mind and instructed the jury on simple possession.

**3.** The government states in its brief "[T]he government recognizes that appellant's testimony ... may have been sufficient to support the attempted possession instruction." *See* Criminal Jury Instructions 4.04 and 4.31. It expressly concedes that attempted possession is a secondary lesser-included offense of possession with intent to distribute and also a lesser-included offense of simple possession.

tempting to purchase drugs at the time of his arrest), while disbelieving another portion (that he was 30 feet away from the nearest drugs discovered). *See Belton v. United States*, 127 U.S.App.D.C. 201, 206, 382 F.2d 150, 155 (1967). Accordingly, the issue is whether the trial judge's instructions, viewed as a whole, rendered harmless the error in failing to give the instruction on attempted possession.[4] *See Kotteakos v. United States*, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

The trial judge instructed the jury on the elements of the offense of possession with intent to distribute and the government's burden of proof. In addition, the judge instructed the jury that if it found appellant guilty of possession with intent to distribute, it should not consider the lesser-included offense of simple possession. The jury convicted appellant of possession with intent to distribute, and therefore did not consider the offense of simple possession. *See Burkley v. United States*, 373 A.2d 878, 881 (D.C.1977) (jury presumed to follow instructions). The government therefore maintains that since the instructions gave the jury a choice between convicting appellant of the greater offense or a lesser-included offense, and it convicted appellant of the greater offense of possession with intent to distribute without reaching the lesser-included offense of simple possession, the jury would not have reached a secondary-included offense, such as attempted possession. We agree that the error was harmless.

Appellant relies principally on *Simmons, supra*, 554 A.2d 1167, in which the court

reversed the conviction of robbery where the trial judge had declined to instruct on the lesser-included offense of taking property without right and the defendant had testified that he had given some money to the complainant for sexual services and had attempted to reclaim it when she did not perform. Because his testimony, if credited by the jury, provided an evidentiary basis for the requested instruction, the court held that it was error to deny the request. 554 A.2d at 1172. Unlike the instant case, however, in *Simmons* no lesser-included instruction was given. Previously, in *Hebble v. United States*, 257 A.2d 483, 485 (D.C.1969), the court held that, assuming an erroneous instruction on the lesser-included offense, there was no prejudice to the defendant where he was convicted by the jury of the greater offense, but the only claim of error was that the given instruction was erroneous.

By contrast, in *Stewart v. United States*, 116 U.S.App.D.C. 411, 324 F.2d 443 (1963), the U.S. Court of Appeals for the District of Columbia Circuit affirmed convictions of housebreaking and larceny upon concluding that the failure to give a requested lesser-included offense instruction on unlawful entry "was harmless in its impact upon the jury's disposition of the crimes charged" because the verdict necessarily included a finding of larcenous intent. As in *Stewart*, the jury here determined that appellant's intent was consistent with the greater offense of possession with intent to distribute. In so finding, the jury necessarily rejected appellant's testimony that

---

4. Our review is for harmless error since defense counsel timely alerted the trial judge to the lesser-included offense of attempted possession when the judge stated, after hearing appellant's testimony, that he would not give any lesser-included offense instruction. *Simmons, supra*, 554 A.2d at 1170 n. 7; *Wilkins v. United States*, 582 A.2d 939, 942 n. 7 (D.C.1990) (an objection once made and overruled need not be renewed when the same issue arises). As noted, the trial

judge did eventually agree to instruct on the lesser-included offense of simple possession, but counsel was not afforded an opportunity to request instructions before the judge instructed the jury. The government argues only a harmless error standard. *See also Wright v. United States*, 588 A.2d 260 (D.C.1991) (adopting harmless error standard in addressing whether an "acquittal first" instruction required reversal of the conviction).

he intended only to purchase drugs for his own use. Thus, an intent instruction on another lesser-included offense relating to his attempted simple possession would have had no impact on the jury's disposition of the crimes charged.[5]

Accordingly, the judgment is affirmed.

---

[5] For similar reasons, we conclude, assuming error, that the judge's failure to instruct the jury on the difference between actual and constructive possession does not warrant reversal of appellant's conviction. The government's evidence showed that appellant was in actual possession of the drugs at the time of his arrest. By contrast, appellant's testimony was that he did not possess any drugs, but had merely attempted to purchase some heroin, and that the drugs found by the police were some distance from where he was arrested. The judge instructed on the elements of actual possession. *See Thomas v. United States,* 544 A.2d 1260, 1264 n. 4 (D.C.1988) (failure to give even a requested instruction is harmless error if instructions given accurately state the legal principles involved). In finding appellant guilty of the greater offense, the jury rejected appellant's explanation of events. Constructive possession is an alternative theory of possession to establish criminal liability when actual possession cannot be shown. Since the jury was instructed on actual possession, it must have found appellant was in actual possession of the drugs. Defense counsel did not request a constructive possession instruction nor object when such instruction was not given. We find no plain error. *See Allen v. United States,* 495 A.2d 1145 (D.C.1985) (en banc).