**Danny S. MALLOY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 91–88.

District of Columbia Court of Appeals.

Submitted March 4, 1992.
Decided March 24, 1992.

Charles F. Daum, Arlington, Va., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas C. Black, Norman C. Bay, and Larry J. Gusman, Asst. U.S. Attys., were on the brief, for appellee.

Before ROGERS, Chief Judge, and FARRELL and WAGNER, Associate Judges.

PER CURIAM:

Appellant Danny S. Malloy contends that there was insufficient evidence to support his conviction of possession with intent to distribute cocaine, D.C.Code § 33–541(a)(1) (1988 Repl.). He admits possessing the drugs, but contends that because he was only the custodian of the drugs to be returned to the person who originally gave them to him, there was no proof of his specific intent to distribute the drugs. Viewing the evidence, as we must, in the light most favorable to the government, *Langley v. United States*, 515 A.2d 729, 731 (D.C.1986); *Frendak v. United States*, 408 A.2d 364, 370 (D.C.1979), we affirm.

■ The evidence showed that appellant admitted possessing four packets of 106.39 grams of 50 percent pure cocaine, which he had received from a drug dealer in Baltimore, Maryland, with instructions to deliver the packets to the same dealer in Washington, D.C. Appellant was to be paid $700 for delivering the cocaine, and appellant admitted prior involvement as a courier for the same dealer. The government also offered expert testimony that the amount, purity and packaging of the cocaine found on appellant was consistent with distribution, estimating the value of the drugs to be about $10,639 on February 21, 1990, the day of appellant's arrest, and $20,000 if the cocaine were cut. The expert described the practice of having one person, known as a "mule," transport illegal drugs to a new location for the purpose of surrendering them to the same person who had originally given the drugs to the "mule."

The trial judge found that appellant had aided and abetted the dealer's scheme to distribute the drugs, noting that use of a courier insulated the dealer from the risk of arrest while transporting the drugs. The judge further found that appellant's conduct, in accordance with the dealer's instructions, was sufficient evidence of an attempt to distribute. The judge discredited appellant's testimony that he did not know that the person who gave him the drugs was a drug dealer or that the drugs were going to be distributed, in view of the evidence that appellant had previously delivered drugs for the same dealer, he was to be paid for this delivery, and the amount and packaging of the drugs belied any intent of personal use by the dealer.

Other than his claim that there was insufficient evidence of his specific intent to distribute, appellant has conceded the sufficiency of the evidence. *See Lampkins v. United States*, 515 A.2d 428, 431 (D.C. 1986) (government's burden of proof to show distribution under D.C.Code § 33–541(a)(1)); *Patterson v. United States*, 301 A.2d 67, 70 (D.C.1973) (allowance to be made for trial court's credibility determination and drawing of reasonable inferences of fact). Appellant's contention that the other person who had originally given him the drugs to transport from one city to another constructively possessed the drugs at all times, and that appellant's possession and control of the drugs was limited to that of a bailment, is to no avail. Appellant had possession and control of the drugs during the performance of his contract with the other person. He admitted that he intended to turn over the drugs to the person who had given them to him after he had transported them to another city. He had performed in a similar manner on a prior occasion for the same person.

[2, 3] A sale or an exchange of money for drugs is not required under the statute. *See Wright v. United States*, 588 A.2d 260, 262 (D.C.1991) ("giving or sharing of drugs with another constitutes distribution under the law, and an intention to [give or] share is evidence of an intent to distribute"); *Chambers v. United States*, 564 A.2d 26, 31 & n. 10 (D.C.1989). Nor does the statute distinguish among types of transfers between parties, *i.e.* sales to third persons or, as in this case, deliveries between a dealer and a courier. *Cf. United States v. Workopich*, 479 F.2d 1142, 1147 (5th Cir. 1973) (under parallel federal statute, 21 U.S.C. § 802(11), sale not required and agency relationship not relevant to issue of distribution). Appellant's act of delivery is a separate act of distribution under D.C.Code § 33–501(9) (defining "Distribute" to mean "the actual, constructive, or attempted transfer from 1 person to another other than by administering or dispensing of a controlled substance, whether or not there is an agency relationship"). *See also Shorter v. United States*, 506 A.2d 1133, 1135 (D.C.1986) (quantity of illegal

drugs is evidence of an intent to distribute). The trial judge could properly find that appellant aided and abetted the dealer, *see United States v. Raper*, 219 U.S.App.D.C. 243, 251, 676 F.2d 841, 849 (1982); *see also Dew v. United States*, 558 A.2d 1112, 1118 (D.C.1989) (elements of aiding and abetting), and thereby was guilty under D.C.Code § 33–541(a)(1).

Accordingly, we affirm the judgment of conviction.