STATE of Wisconsin, Plaintiff-Respondent,

v.

Rickey Eugene PINKARD, Defendant-Appellant.†

Court of Appeals

*No. 2004AP2755–CR. Submitted on briefs August 02, 2005.
—Decided September 7, 2005.*

2005 WI App 226

(Also reported in 706 N.W.2d 157.)

† Petition to review denied 11-11-05.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *John J. Grau* of *Grau Law Office* of Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David J. Becker*, assistant attorney general and *Peggy A. Lautenschlager*, attorney general.

Before Fine, Curley and Kessler, JJ.

¶ 1. KESSLER, J. Rickey Eugene Pinkard appeals from a judgment of conviction for possession of cocaine with intent to deliver, contrary to WIS. STAT. § 961.41(1m)(cm)1r (2003–04).[1] He presents a single issue on appeal: whether one who is holding drugs for someone and plans to return the drugs to that person has the "intent to . . . deliver" required for conviction. *See* § 961.41(1m). We conclude that this conduct falls within the criminal statute and, therefore, affirm the judgment.

## BACKGROUND

¶ 2. On April 25, 2003, police officers stopped a vehicle that Pinkard was driving. As Pinkard was

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

pulling his vehicle to the curb, he leaned toward the passenger window and threw something out of the window. The officers recovered a clear plastic bag that contained twenty-two individually wrapped cuts of cocaine.

¶ 3.   Pinkard was arrested and charged with possession with intent to deliver. According to the criminal complaint, Pinkard told officers that he threw the bag out of the window because he "didn't want to get in trouble for someone else's stuff."

¶ 4.   After plea negotiations, Pinkard appeared before the trial court to enter a guilty plea. However, the trial court refused to accept the plea, because in the course of discussing whether there was a factual basis for the plea, Pinkard denied that he had been holding the cocaine for someone else. Instead, he asserted that he was going to "throw it away" and had not intended to return it to anybody.

¶ 5.   The case was tried to the trial court. Pinkard did not testify. However, the trial court heard evidence that Pinkard told officers both that he was holding the cocaine for someone, and that he was planning to throw it away. The trial court found Pinkard guilty, specifically finding that Pinkard intended to return the cocaine to the person who gave it to him. After sentencing, this appeal followed.[2]

## DISCUSSION

■■■■■

¶ 6.   On appeal, Pinkard does not challenge the trial court's finding that he intended to return the

---

[2] Pinkard was sentenced to two years of incarceration and two years of extended supervision. The sentence was stayed and Pinkard was placed on probation so that he could participate in the Felony Drug Offender Alternative to Prison Program.

cocaine to the person who gave it to him. Instead, he argues that in order to have the requisite intent to deliver under WIS. STAT. § 961.41(1m), he "must have possessed the cocaine with the intent to deliver it to someone other than the person who gave it to him, i.e. a third person." At issue is the application of § 961.41(1m) to undisputed facts. This presents a question of law that we review de novo. *See Badger State Bank v. Taylor*, 2004 WI 128, ¶ 13, 276 Wis. 2d 312, 688 N.W.2d 439 (interpretation of statute and application of statute to undisputed facts are ordinarily questions of law reviewed independently).

¶ 7.  WISCONSIN STAT. § 961.41(1m) provides in relevant part:

> POSSESSION WITH INTENT TO MANUFACTURE, DISTRIBUTE OR DELIVER. Except as authorized by this chapter, it is unlawful for any person to possess, with intent to manufacture, distribute or deliver, a controlled substance or a controlled substance analog. Intent under this subsection may be demonstrated by, without limitation because of enumeration, evidence of the quantity and monetary value of the substances possessed, the possession of manufacturing implements or paraphernalia, and the activities or statements of the person in possession of the controlled substance or a controlled substance analog prior to and after the alleged violation . . . .

The term "deliver" as used in § 961.41(1m) is defined in WIS. STAT. § 961.01(6), which provides:  " 'Deliver' or 'delivery', unless the context otherwise requires, means the actual, constructive or attempted transfer from one person to another of a controlled substance or controlled substance analog, whether or not there is any agency relationship."

¶ 8. Pinkard contends that because he did not intend to deliver the cocaine to a third person, he did not intend to "deliver" it as that term is defined in WIS. STAT. § 961.01(6), and used in WIS. STAT. § 961.41(1m). He relies on *State v. Smith*, 189 Wis. 2d 496, 525 N.W.2d 264 (1995), a conspiracy case where the Wisconsin Supreme Court concluded:

> [A] conviction for conspiracy to deliver a controlled substance cannot be upheld where the only evidence presented by the State was that the seller purported to have in his possession and agreed to sell a small amount of the controlled substance consistent with personal use to the buyer and where there was not even a claim that the buyer intended to sell, deliver or give the controlled substance to a third party . . . .
>
> . . . .
>
> [T]he legislature did not intend a buyer-seller relationship for a small amount of a cocaine for the buyer's personal use to be a conspiracy and thus make the buyer guilty of a felony. A conspiracy must involve at least two people, with each member subject to the same penalty for the conspiracy. The two parties involved here are the buyer and seller. When the case is examined from the point of the buyer instead of the seller, it becomes obvious that the State's interpretation does not give effect to the legislative intent behind the Wisconsin Uniform Controlled Substances Act, ch. 161, Stats.
>
> Here, there was no claim or proof that the buyer intended to further deliver the cocaine which would be a felony. As such, the most the buyer could have been guilty of was the misdemeanor of possession. We conclude the legislature did not intend that the State could, by adding a conspiracy charge to the possession charge, create a felony charge against the buyer who buys an amount of cocaine consistent with personal use where there is not even a claim by the State that the buyer intended to further deliver the cocaine to a third party.

*Id.* at 498–99, 501–02 (footnotes and citation omitted). Pinkard argues that just as Smith could not be guilty of conspiracy to deliver a controlled substance because there was no intention to give it to a third party, Pinkard cannot be guilty of delivering a controlled substance where there was likewise no intention to deliver it to a third party.

¶ 9.   The State disagrees with this analysis, noting that *Smith*'s ultimate holding was based on the court's examination of the intent of the Wisconsin Controlled Substances Act. *See Smith*, 189 Wis. 2d at 501–03. The State explains:

> [*Smith*] concluded that allowing a conspiracy prosecution of both the buyer and the seller of a controlled substance based simply on the agreement of the seller to sell, and the buyer to purchase for personal use, a controlled substance would be inconsistent with the intent behind the act, which is to treat sellers more severely than the ultimate users of illicit drugs.
>
> Unlike the situation in *Smith,* on this appeal Pinkard has not pointed to any evidence of legislative intent that would support his position. He has not provided any basis for concluding that the Legislature intended to exclude from the scope of the terms "distribute" or "deliver," . . . a delivery such as that envisioned in this case—i.e., a transfer of a controlled substance by the holder . . . to the person who had given the controlled substance to the holder.

We agree with the State's analysis.

¶ 10.   Not only is *Smith* distinguishable because it involves criminal conspiracy and relies on legislative intent, it actually supports the State's position that Pinkard intended to "deliver" the drugs back to the original owner. Citing the statutory definition of "delivery"—a "transfer from one person to another," *see*

597

WIS. STAT. § 161.01(6) (1991–92)[3]—*Smith* held that the statute "requires two people for a delivery." *Smith*, 189 Wis. 2d at 503. Pinkard does not suggest that the definition of delivery in WIS. STAT. § 961.01(6) is ambiguous, and we conclude it is not. Delivery requires transfer from one person to another. *Id.* Pinkard's intent to transfer the drugs to the person from whom he received them satisfies this definition.

¶ 11. Our conclusion is consistent with interpretations of statutes in other jurisdictions. In *Malloy v. United States*, for example, the court concluded that a man serving as a drug "mule" for a drug dealer was guilty of intent to distribute cocaine. 605 A.2d 59, 60–61 (D.C. 1992) (per curiam). The defendant's role was to transport illegal drugs to a new location and then surrender them to the person who had originally given him the drugs. *Id.* at 60. The defendant argued his possession was simply a bailment, and that the original owner constructively possessed the drugs at all times. *Id.* at 61. The court rejected this argument, holding that the criminal statute did not "distinguish among types of transfers between parties, *i.e.* sales to third persons or, as in this case, deliveries between a dealer and a courier." *Id.* (citation omitted).

¶ 12. Just like the defendant in *Malloy*, Pinkard cannot escape liability for participating in the drug trade by holding drugs with the purpose of returning them to the person from whom they were originally acquired. Whether Pinkard had delivered the drugs to the original owner for distribution to buyers, or to a third party for distribution to buyers, the ultimate

---

[3] WISCONSIN STAT. § 161.01(6) (1991–92) was renumbered WIS. STAT. § 961.01(6) in 1995. The quoted statutory language remains substantially similar in the current version.

conduct would have been the same: delivering drugs for use by others, a crime the legislature intended to punish under Wis. Stat. § 961.41(1m).

## CONCLUSION

¶ 13. We conclude that Pinkard's intent to return the cocaine to the person who gave it to him constitutes intent to deliver under Wis. Stat. § 961.41(1m). Therefore, we affirm the judgment.

*By the Court.*—Judgment affirmed.